UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SHERMAN,<br><br>          Plaintiff,<br><br>    v.<br><br>M. KRAMER,<br><br>          Defendant.<br>_____ / | CASE NO. 1:05-CV-0574-AWI DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST<br><br>(Doc. 15) |

I.   Defendant's Motion to Dismiss

   A.   Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed April 22, 2005, against defendant Kramer ("defendant") for violation of the Eighth Amendment based on alleged exposure to second hand smoke at Sierra Conservation Center. On August 7, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff has not filed an opposition to the motion.[1]

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 2, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 41.)

1

      B.      <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

      C.      <u>Discussion</u>

Plaintiff, alleges that in November 2004, he arrived at Sierra Conservation Center and was exposed to second-hand smoke in violation of his Eighth Amendment rights. He also alleges that he filed grievances but received no response. Defendant moves to dismiss this action on the ground that plaintiff did not exhaust the claim against him, as mandated by section 1997e(a). In support of his motion, defendant submits evidence that the appeals office at Sierra Conservation Center where the alleged exposure took place and the California Men's Colony, where plaintiff is currently

1  incarcerated have no record of an appeal filed by plaintiff concerning his alleged exposure to second
2  hand smoke and that the Inmate Appeals Branch, which issues decisions at the final level of review,
3  does not have any record of an appeal filed by plaintiff concerning his claim against defendant.
4  (Motion, Doc. 16, Allen Dec., ¶8; Engler Dec., ¶ 3, Grannis Dec., ¶7.)

5  The Court finds that defendant has met his burden as the party moving for dismissal. The
6  burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the exhaustion
7  requirement. Plaintiff has not filed an opposition to the motion to dismiss nor does his complaint
8  provide any evidence demonstrating he satisfied the exhaustion requirement.

9       D.    Conclusion

10  For the foregoing reasons, the Court finds that plaintiff did not exhaust the available
11  administrative remedies concerning his claim against defendant. Accordingly, the Court HEREBY
12  RECOMMENDS that defendant's unenumerated Rule 12(b) motion, filed August 7, 2006, be
13  GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust
14  the available administrative remedies.

15  These Findings and Recommendations will be submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20)**
17  **days** after being served with these Findings and Recommendations, the parties may file written
18  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
19  Findings and Recommendations." The parties are advised that failure to file objections within the
20  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
21  1153 (9th Cir. 1991).

22

23      IT IS SO ORDERED.

24      Dated: **November 22, 2006**       /s/ **Dennis L. Beck**
    3b142a                                     UNITED STATES MAGISTRATE JUDGE
25
26
27
28